# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| SHANE DARNELL WILLIAMS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No.   08-cv-1295 |

## O P I N I O N  &  O R D E R

Before the Court is Petitioner Shane Williams' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (RII.1),[1] to which the Government has responded. (RII.9).  For the following reasons, Petitioner's Motion is DENIED.

### PROCEDURAL HISTORY

On July 21, 2004, Williams was charged in a five-count Third Superseding Indictment including: Count One: Conspiracy to distribute crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); Count Two: Distribution of more than 5 grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2; Count Three: Distribution of more than 50 grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2; Count Four: Distribution of more than 50 grams of cocaine base (crack) in violation of 21

---

[1] References to documents in the record of Case No. 02-cr-10144 are to "RI_"; references to documents in the record of Case No. 08-cv-1295 are to "RII_".

U.S.C. § 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2; and Count Five: Possession of firearm during drug trafficking, in violation of 18 U.S.C. § 924(c). (RI.93). On February 9, 2006, Petitioner was found guilty of Counts One, Two, and Four after a jury trial. (R.197).

On January 17, 2007, Petitioner was sentenced to 240 months of imprisonment. (RI. Minute Entry 1/17/07). This Court entered its written judgment on January 19, 2007. (RI.275). Petitioner thereafter pursued a direct appeal challenging the district court's conviction and sentencing. His conviction and sentence were affirmed on December 18, 2007, in a published opinion. *United States v. Bailey*, 510 F.3d 726 (7th Cir. 2008).

On November 17, 2008, Petitioner filed a motion for Retroactive Application of the Sentencing Guidelines for Crack Cocaine Offenses Pursuant to 18 U.S.C. § 3582. (RI.374). By Order dated December 12, 2008, this Court denied the motion. (RI.377). On October 29, 2008, Petitioner filed the instant Motion to Vacate pursuant to 28 U.S.C. § 2255 in which he alleges that his trial counsel was ineffective for several reasons. Petitioner further alleges that his appellate counsel was ineffective for several reasons.

By Text Order entered on November 26, 2008, this Court analyzed Williams' Petition and found that there could be merit to some of these grounds. Pursuant to Rule 4 of the Rules Governing § 2255 Petitions, the Court ordered the Respondent to file an answer, motion, or other responsive pleading to the Petitioner's claims

within 60 days. Respondent complied, and on January 27, 2009 it filed its Response. (RII.9). On May 11, 2009, Petitioner filed his Reply. (RII.13).

## DISCUSSION

Collateral relief under section 2255 is available only if Petitioner can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995). However, a section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal. *See, e.g., Johnson v. United States,* 838 F.2d 201, 202 (7th Cir.1988); *Qualls v. United States,* 774 F.2d 850, 851 (7th Cir.1985); *Norris v. United States,* 687 F.2d 899, 900 (7th Cir.1982). As a result, there are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal;[2] and (3) constitutional issues that were not raised on direct appeal, *unless* the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds* by *Castellanos v. United States*, 26 F.3d 717, 710-20 (7th Cir. 1994). The latter prong would apply to this case, as Williams' multiple claims all revolve around what

---

[2] Although nonconstitutional issues cannot serve as an independent basis for section 2255 relief, the fact that the nonconstitutional issues were not raised on direct appeal can be used as evidence of ineffective assistance of counsel. Ineffective assistance of counsel, because it is a constitutional issue, can in turn serve as a valid basis for section 2255 relief.

he alleges to constitute ineffective assistance of counsel, which is a constitutional issue that was not raised on direct appeal.

The seminal case on ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the court stated that in order for a prisoner to demonstrate that counsel's performance fell below the constitutional standard, the petitioner would have to show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 687-88. The courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 690. A prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Absent a sufficient showing of both error and prejudice, a petitioner's claim must fail. *United States v. Delgado*, 936 F.2d 303, 311 (7th Cir. 1991).

When a petitioner claims ineffective assistance by appellate counsel, the court looks at the issues available to counsel and decides whether the best of them represented the same kind of strategic choice permitted for trial counsel. "An appellate counsel's performance is deficient if he or she fails to argue an issue that is both obvious and clearly stronger than the issues raised." *Martin v. Evans*, 384 F.3d 848, 851 (7th Cir. 2004). The court then asks whether raising the issue would have made a difference in the appeal. *Howard v. Gramley*, 225 F.3d 784, 791 (7th Cir. 2000).

4

With this background, the Court will proceed to address each of Petitioner's grounds for attacking his sentence.

**Ground One: Trial Counsel was Ineffective for Failing to Object to the Admission of Lay Opinion Testimony Identifying Crack Cocaine**.

Petitioner asserts in the instant § 2255 motion that testimony given by eleven members of the drug conspiracy and three police officers in regards to the sale and distribution of cocaine, specifically "crack" cocaine, should not have been allowed because the witnesses were not qualified as experts in "crack" cocaine.

This argument is clearly without merit and fails both prongs of the *Strickland* test. This cannot be ineffective assistance of counsel because, as discussed, *infra*, case law from the Seventh Circuit Court of Appeals allows such testimony by experienced police officers and addicts/sellers. Petitioner has alleged that the lay opinion witnesses in his trial either did not sample the product given to them, did not use crack cocaine, or were under the influence of drugs or alcohol at the times in question. However, it is clear that the lay opinion witnesses "were no strangers to crack cocaine." *United States v. Earnest*, 185 F.3d 808, 812 (7th Cir. 1999). All of these witnesses described in full detail their personal involvement with Petitioner as it pertained to the business of selling drugs and were adequately cross-examined by all of the defense attorneys. The Appellate Court has repeatedly allowed this testimony on review. *See, e.g., United States v. Bradley*, 165 F.3d 594, 596 (7th Cir. 1999) ("[T]hose who smoke, buy, and sell this stuff are the real experts on what is crack."); *United States v. Hardin*, 209 F.3d 652, 661 (7th Cir. 2000)

("[T]he people who transport, cook, cut up, bag and sell crack are the sort of people who tend to know what crack is.").

In addition, Petitioner, his attorney, his co-defendants, and their attorneys stipulated to a number of forensic experts and crime lab reports finding that the drugs both sold in controlled buys and recovered through the investigation were cocaine base.[3] (RI.192). Further, Petitioner's Trial Attorney states, "The Government provided crime lab experts of the fact that the substance was crack through crime lab qualified experts. Further, at no time did Mr. Williams ever tell me that he was contesting that the substance was crack." (RII.10-1).

In light of the foregoing, the Court does not find it shocking that Petitioner's attorney decided to not challenge whether or not the substance was crack, since the overwhelming evidence indicated that it was cocaine base (crack). Consequently, the Court concludes that Petitioner has failed to make a sufficient showing to rebut

---

[3] Petitioner now seeks to attack these experts and their reports, alleging that they only revealed that the tested substances contained "cocaine base" – and that this does nothing to prove that the substances were "crack," which Petitioner argues is a requirement for the enhanced sentencing provided for in 21 U.S.C. § 841(b)(1). (RII.2 at 13-18). The case of *DePierre v. United States*, --- S.Ct. ----, 2011 WL 2224426 (June 9, 2011) reveals that this argument is without merit. *DePierre* involved a Petitioner with an argument identical to the one advanced by Williams in the instant matter. In *DePierre*, the Petitioner argued that in order to receive an enhanced sentence under 21 U.S.C. § 841(b)(1), the prosecution is required to prove that the crime involved "crack." The Court disagreed, noting that § 841(b)(1) merely requires that the drug in question contain "cocaine base" and held that "cocaine base" includes not only crack, but also cocaine in its chemically basic form. *Id*. at *11. As such, the enhanced sentence provided for in § 841(b)(1), could be sustained by a lab report indicating that the substance in question contained cocaine in its chemically basic form (i.e. "cocaine base"). *Id*. at *5. Consequently, Williams' argument that his counsel was ineffective for failing to argue the "cocaine base" versus "crack" distinction fails on the grounds that, in light of *DePierre*, no prejudice can be shown.

the "strong presumption" that trial counsel's conduct fell "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 690.

Furthermore, Petitioner fails the second prong of the *Strickland* test. Petitioner has failed to allege anything that would overcome his burden of establishing that, but for his attorney's failure to object to the admission of lay testimony, there is a reasonable probability that the results of his case would have been different. Instead, Petitioner attacks the witnesses' ability to identify the substances alleged by the Government as cocaine base (crack) but fails to show any evidence to support a different finding or how the finding of "crack" adversely affected his ultimate finding of guilt, or his sentence, in light of the fact that the substance was admittedly "cocaine base."

**Ground Two: Appellate Counsel was Ineffective for Failing to Appeal the Admission of Lay Opinion Testimony Identifying Crack Cocaine**.

To establish ineffective assistance of appellate counsel, Williams must show (1) his appellate counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When, as here, a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, the court will examine the merits of the omitted issue. If the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel. *United States v. Cook*, 45 F.3d 388, 392-93 (10th Cir. 1995).

The Court has already concluded, *supra*, that trial counsel was not ineffective for failing to object to the admission of lay opinion testimony identifying crack

cocaine because it is well-established that such testimony is admissible. Since such testimony is admissible, it is clear that appellate counsel would have been making a frivolous argument had she chosen to appeal this issue. Consequently, with respect to Ground Two, Williams' claim of ineffective appellate counsel fails because he is unable to demonstrate (1) deficient performance by counsel and (2) prejudice.

**Ground Three: Petitioner's Right to a Presumption of Innocence was Violated by the Improper Admission of Lay Testimony Identifying Crack Cocaine.**

The Court has already concluded, *supra*, that under binding Seventh Circuit precedent, it was legal and appropriate for the Court to admit the lay testimony identifying crack cocaine. The Court has also already concluded that any challenge to this Court's decision to admit such testimony would have had no reasonable chance of success. Furthermore, the Seventh Circuit Court of Appeals has also implicitly held that the testimony of the government witnesses in this case was admissible, thus preventing him from re-litigating this issue. *Bailey*, 510 F.3d at 733-735 (Stating that the lay testimony combined with the 404(b) evidence constituted "overwhelming" evidence of guilt); *United States v. Mazak*, 789 F.2d 580, 581 (7th Cir. 1986) (Holding that the district court may not reexamine an issue that was decided on direct appeal absent a change in circumstances).

Notwithstanding the foregoing, Petitioner launches a constitutional challenge to this testimony, arguing that it violated his right to the presumption of innocence. The Court easily concludes that this claim is without merit. Williams had adequate opportunity to cross-examine the government witnesses, and the Jury was

8

empowered to credit such testimony with whatever weight it deemed appropriate. Furthermore, the Jury was instructed that it could not find Williams guilty of an offense unless it found that all of the elements of such offense had been proven by the Government beyond a reasonable doubt. (*See, e.g.,* RI.194 at 26). As such, Williams is unable to establish that he was not presumed innocent.

**Ground Four: Counsel was Ineffective for Failing to Object to the Admission of "Bad Acts" Evidence.**

Petitioner seeks to challenge his trial counsel's failure to move for advance notice or to object to the admission of "bad acts" evidence under Federal Rule of Evidence 404(b). The Seventh Circuit Court of Appeals has already held that the Government's witnesses combined with the 404(b) evidence overwhelmingly supports the jury's finding of guilt. *See Bailey*, 510 F.3d at 735. Because the Seventh Circuit Court of Appeals has already implicitly upheld the admissibility of the 404(b) evidence, Petitioner cannot re-litigate this issue in a collateral attack before this Court absent changed circumstances. *See Mazak*, 789 F.2d at 581. No such changed circumstances have been alleged here and, consequently, Petitioner's claim fails.

However, even if the Court could reexamine the bad acts evidence, Petitioner's claim would still fail. It is well-established that the Government may offer 404(b) evidence to help establish the existence of a conspiracy. *See United States v. Moore*, --- F.3d ----, 2011 WL 1405221 at *4 (7th Cir. April 14, 2011). With respect to the 404(b) evidence; the Government provided the basis for all 404(b) testimony in discovery regardless of whether petitioner's counsel asked for it or not.

9

(RII.10 at 15). Petitioner's trial attorney provided an affidavit (RII.10-1 at 1) regarding this issue which states:

> I was given notice of the Government's intention to bring up other conduct that they intended to use as part of the conspiracy which I disclosed to the defendant who was out of custody and who reviewed copies of the police reports concerning that conduct in my office. Mr. Williams viewed all discovery. I observed him reading the discovery and on other occasions he was given the discovery and the conference room to use all day if he needed to go through the discovery. It was not a surprise to Mr. Williams. Additionally, I discussed with Mr. Williams what I anticipated that the witnesses on the witness list would testify to given what was in the discovery. Mr. Williams never asked any questions or seemed as if he did not understand what I was saying. . . Mr. Williams did not ask me any questions, about the Government's use of the evidence . . . .

In light of the foregoing, Petitioner is unable to rebut the "strong presumption" that trial counsel's conduct fell "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 690. Furthermore, in light of the Seventh Circuit Court of Appeal's approval of the use of the 404(b) evidence in the instant case, Petitioner is unable to show prejudice.

**Ground Five: Counsel was Ineffective for Failing to Move for Advance Notice of Government's Intent to Introduce "Bad Acts" Evidence.**

As stated, *supra*, both the Government and Petitioner's trial attorney have indicated that advance notice was provided regarding any and all 404(b) evidence which the Government introduced. Consequently, Petitioner is unable to show that his trial counsel committed any error in this regard; much less that his trial counsel's conduct was not "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 690. Furthermore, Petitioner has failed to demonstrate that any prejudice resulted from his trial attorney's alleged failure to

move for advance notice of 404(b) evidence. For the foregoing reasons, this claim fails.

**Ground Six: Appellate Counsel was Ineffective for Failing to Appeal the Admission of "Bad Acts" Evidence.**

Petitioner seeks to challenge appellate counsel's failure to raise the admission of "bad acts" evidence on appeal. As previously stated, the Seventh Circuit Court of Appeals has already opined on the Government's use of lay witnesses and "bad acts" evidence and found that it provided "overwhelming" evidence of Petitioner's guilt. *Bailey*, 510 F.3d at 735. Petitioner cannot re-litigate this issue in a collateral attack absent changed circumstances, and he has alleged neither factual nor legal changes since this issue was litigated before the Seventh Circuit Court of Appeals. The decision of the Court of Appeals on this issue is now the "law of the case," and this Court is not at liberty to re-decide it. *Mazak*, 789 F.2d at 581.

Notwithstanding the foregoing, even if the Court were to re-examine the merits of this claim, it would still fail. The Court has already determined, *supra*, that Petitioner's trial counsel was not ineffective for failing to challenge the use of 404(b) evidence, because the admissibility of such evidence was clearly established, rendering such challenge frivolous. A lawyer has no duty, indeed no right, to pester a court with frivolous arguments, and the failure of Petitioner's trial counsel to do so does not equate with ineffective assistance. *United States v. Edwards*, 777 F.2d 364 (7th Cir. 1985), *United States v. Cook*, 45 F.3d 388, 392-93 (10th Cir. 1995). Furthermore, in light of the decision by the Seventh Circuit Court of Appeals that

11

the 404(b) evidence properly demonstrated Petitioner's guilt, Petitioner is unable to demonstrate prejudice.

**Ground Seven: The Admission of 404(b) Evidence Violated Petitioner's Right to the Presumption of Innocence and Due Process.**

Petitioner alleges that the 404(b) evidence was not properly admitted and, thus, that he was not presumed innocent and he didn't receive due process. The Court has already concluded, *supra*, that the 404(b) evidence was properly admitted. Furthermore, contrary to Petitioner's assertions, the Court notes that an appropriate limiting instruction was given to the Jury regarding this evidence. (RI.311 at 1100). Furthermore, the Seventh Circuit Court of Appeals explicitly determined that this evidence, in combination with other evidence, overwhelmingly established Petitioner's guilt and implicitly found that such evidence was properly admitted into evidence. Consequently, Petitioner is not permitted to re-litigate this matter and his claim must fail. *Mazak*, 789 F.2d at 581.

**Ground Eight: Counsel was ineffective for failing to move for a reduction in sentence under the crack amendment to the guidelines.**

Petitioner has expressly waived this argument (RII.13 at 20), and the Court will not address it further.

**Ground Nine: Trial Counsel was Ineffective for failing to Object to Uncountable Prior Convictions and Inaccurate Information which were used to Elevate Petitioner's Criminal History at Sentencing.**

Petitioner claims his attorney failed to object to uncountable prior convictions which were used to elevate petitioner's criminal history. The petitioner also claims that inaccurate information was used against him at the sentencing hearing.

Specifically, Petitioner claims that four points were improperly added to his criminal history, resulting in a Criminal History score of 6, which placed him in Category III. Among the criminal history that Petitioner takes issue with is the fact that he was assigned two additional points under U.S.S.G. § 4A1.1(d) because he was on probation when he engaged in the conspiracy to distribute cocaine base (crack). (RII.13 at 22, RI.267 at 18). Petitioner contends that he was only on probation because of a crime (Case 98-cm-1034) that he says was committed by an imposter posing as him. (RII.13 at 22). However, this argument is frivolous and made in bad faith, as the Petitioner grossly and materially misquotes that paragraph in the presentence report which forms the basis for his argument. (RII.13 at 22). The paragraph states as follows:

> The defendant committed the instant offense while under a criminal justice sentence, conditional discharge and probation, in Peoria County, Illinois, Circuit Court Case Nos. 98-CM-1034, 98-CF-971, and 00-TR-2539. Two points are added according to U.S.S.G. § 4A1.1(d).

As the foregoing paragraph makes clear, Petitioner was on probation for three separate offenses, only one of which he claims was committed by an imposter. Therefore, trial counsel did not err in failing to object to this, as the pre-sentence report indicates that Petitioner was also on probation and/or conditional discharge for two other offenses as well. The Court need not address the other two disputed offenses in the criminal history, each of which contributed one point, because even if these two points were taken away, Petitioner's Criminal History score would be 4, which is still Category III.

Notwithstanding the foregoing, the Court notes that Ground Nine must fail for a second reason; Petitioner's total offense level was calculated to be 42. (RI.277). With a total offense level of 42, the United States Sentencing Guidelines call for a term of imprisonment of 360 months to life, regardless of the criminal history category. Furthermore, the Court imposed the mandatory minimum sentence, which was not impacted by Petitioner's criminal history. Consequently, Petitioner is unable to show that prejudice resulted from his trial attorney's failure to contest certain items included in the criminal history section of the pre-sentence report.

**Ground Ten: Petitioner's Due Process Rights were Violated when Inaccurate Information was used Against Him at Sentencing.**

The foundation for this claim is the same as in Ground Nine; namely, that his rights were violated because certain crimes were attributed to Williams in his criminal history which were allegedly committed by an imposter. However, the Court already concluded that this claim is without merit for two reasons. First, Petitioner is unable to establish that three or more points were improperly attributed to his criminal history. Second, Petitioner's criminal history was irrelevant at sentencing because the Sentencing Guidelines called for 360 months to life for all criminal history levels and, further, the Court imposed the mandatory minimum sentence, which was not impacted by the criminal history at issue. Consequently, Petitioner is unable to establish a violation of his due process rights.

For the foregoing reasons, the Court concludes that Williams' claims are devoid of merit. Consequently, Williams' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence must be DENIED.

## CERTIFICATE OF APPEALABILTY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(1), a petitioner may only appeal from the court's judgment in his section 2255 case if he obtains a certificate of appealability. A certificate of appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner need not show that the appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. PROC. 22(b)(1).

Based upon the record before it, the Court cannot find reasonable jurists would debate that any of Petitioner's claims have merit. The law is clear that the lay testimony of drug dealers and drug users is admissible to identify drugs. *United States v. Bradley*, 165 F.3d 594, 596 (7th Cir. 1999); *United States v. Hardin*, 209 F.3d 652, 661. The law is also clear that evidence of "bad acts" is admissible under

404(b) to establish the existence of a conspiracy. *United States v. Moore*, --- F.3d ----, 2011 WL 1405221 at *4 (7th Cir. April 14, 2011). Finally, there is nothing in the record to indicate that Williams would be able to successfully rebut the "strong presumption" that his counsels' conduct fell "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 690. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, Williams' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (RII.1) is DENIED, and a certificate of appealability is DENIED. IT IS SO ORDERED.

CASE TERMINATED.

Entered this 17th day of June, 2011.

                                                     s/ Joe B. McDade
                                                   JOE BILLY McDADE
                                        United States Senior District Judge